<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MILAGROS CHALUISAN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-5918 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Milagros Chaluisan

("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner")

determining that she was not disabled under the Social Security Act (the "Act"). This Court

exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of

the parties without oral argument, pursuant to L. C<small>IV</small>. R. 9.1(b), finds that the Commissioner's

decision will be affirmed.

## I. BACKGROUND

The following facts are undisputed. Plaintiff was born in 1970. She has worked as a

supermarket cashier. This case involves applications for supplemental security income benefits

filed on October 21, 1982, April 28, 1992, and September 10, 1998. While this case has a

substantial procedural history, for present purposes it is sufficient to note that: 1) the

Commissioner has previously decided that Plaintiff was disabled during the period from October

1, 1982 through June 16, 1984; and 2) a hearing with regard to the question of disability after this

period was held before Administrative Law Judge Dennis O'Leary ("ALJ O'Leary"), who found

that Plaintiff was disabled as of June 18, 1998, but not during the period from June 17, 1984

through June 17, 1998.  ALJ O'Leary thus denied in part Plaintiff's claim in an unfavorable

decision issued on July 26, 2005.  After that decision became final as the decision of the

Commissioner of Social Security, Plaintiff appealed the decision to this Court.  The case was

heard by Judge Cavanaugh, who issued an Opinion and Order on December 30, 2008 which

remanded the case to the Commissioner for further proceedings.  Plaintiff appealed this decision

to the Third Circuit Court of Appeals, which dismissed the appeal after the Appeals Council

vacated the administrative decision that had been the subject of the appeal.  Another hearing was

held before Administrative Law Judge Richard West ("ALJ West"), who examined the question

of whether Plaintiff had been disabled between June 17, 1984 through June 17, 1998 (the

"Interim Period").  In an unfavorable decision issued on August 10, 2010, ALJ West found that

Plaintiff had not been disabled during the Interim Period.  After that decision became final as the

decision of the Commissioner of Social Security, Plaintiff appealed the decision to this Court.

## II.  DISCUSSION

**A.**   **Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C.

§ 405(g).  This Court must affirm the Commissioner's decision if it is "supported by substantial

evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services,

841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co.

v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age."  Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision."  Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.**     <u>**Standard for Awarding Benefits Under the Act**</u>

The claimant bears the initial burden of establishing his or her disability.  42 U.S.C. §

423(d)(5).  To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and

aged, blind, or "disabled."  42 U.S.C. § 1381.  A claimant is deemed "disabled" under the Act if

he is unable to "engage in substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A); <u>see also</u> <u>Kangas v. Bowen</u>, 823 F.2d 775, 777 (3d Cir. 1987).  Disability is

predicated on whether a claimant's impairment is so severe that he "is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §

423(d)(2)(A).  Finally, while subjective complaints of pain are considered, alone, they are not

enough to establish disability.  42 U.S.C. § 423(d)(5)(A).  To demonstrate that a disability exists,

a claimant must present evidence that his or her affliction "results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically accepted

clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

**C.**     <u>**The Five-Step Evaluation Process**</u>

Determinations of disability are made by the Commissioner, pursuant to the five-step

process outlined in 20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one

through four.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987); <u>Gist v. Barnhart</u>, 67 Fed. Appx.

78, 81 (3d Cir. 2003).

At the first step of the evaluation process, the Commissioner must determine whether the

claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(b).  If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied.  Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment.  20 C.F.R. §§ 404.1520(a)(ii), (c).  An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Id.  In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered.  Id.  If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. § 404.1594(f)(2).  If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act.  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled.  In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

use particular language or adhere to a particular format in conducting his analysis.  Rather, the function of <u>Burnett</u> is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  (<u>Id.</u>)  An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing."  <u>Scatorchia v. Comm'r of Soc. Sec.</u>, 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work.  20 C.F.R. § 404.1520(e).  If the claimant is able to perform his past relevant work, he will not be found disabled under the Act.  In <u>Burnett</u>, the Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

<u>Burnett</u>, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  <u>Id.</u>

6

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled."  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

D.    Plaintiff's Appeal

The threshold issue in this appeal is the preclusive effect to be given to Judge

7

Cavanaugh's Opinion of December 30, 2008 (the "2008 Opinion").  The Commissioner argues that the decisions in the 2008 Opinion are now the law of the case.  See Public Interest Research Group v. Magnesium Elektron, 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation.")  Plaintiff, in reply, argues that the present action is a separate case, and that the law of the case doctrine does not apply.  Plaintiff contends that the instant case is a "separate lawsuit."  (Pl.'s Reply Br. 3.)  This Court finds Plaintiff's position unpersuasive.

Plaintiff cites Arroyo v. Astrue, 347 Fed. Appx. 802 (3d Cir. 2009), in support for the proposition that the applicability of the law of the case doctrine to a subsequent appeal "is still an open issue in this Circuit."  (Pl.'s Reply Br. 5 n.6.)  Plaintiff has misread Arroyo, which left open the question of whether the law of the case doctrine applied to the proceeding before the ALJ after remand.  347 Fed. Appx. at 804.  The Third Circuit did not have before it the question of whether the law of the case doctrine applied when there are multiple appeals in a social security case.

On this question, this Court makes some observations.  First, despite the fact that social security cases in which there are multiple appeals to the district court result in the assignment of multiple district court case numbers, the entire litigation is united by a single underlying case.  This single underlying case is defined by the controversy between the claimant, who has filed an application or applications for benefits, and the Commissioner's actions on that application or applications.  In the instant matter, at issue is the Commissioner's decision on a set of three applications filed by the claimant on October 21, 1982, April 28, 1992, and September 10, 1998.  ALJ O'Leary addressed this controversy in his decision of July 26, 2005.  Judge Cavanaugh addressed the same controversy in the 2008 Opinion.  ALJ West addressed the same controversy

8

in his decision of August 10, 2010.  It is this same controversy that is presently before this Court.
While each of these episodes in the litigation has added new chapters to its history, the
fundamental dispute has not changed: Plaintiff has applied for benefits for the period of 1984
through 1998, and the Commissioner has denied benefits for that period.  The underlying
controversy which defines the case has not changed, despite the fact that the district court filing
system has assigned a new case number for this appeal.

Thus, this Court disagrees with Plaintiff's contention that the appeal presently before this
Court is a case separate from the appeal presented to Judge Cavanaugh.  Plaintiff's position
elevates form over substance.  Plaintiff has not shown any logical basis for this to be considered
a new or separate case.

Plaintiff does point to a few district court cases which appear to have concluded
otherwise, but this is misleading.  Plaintiff cites Frost v. Astrue, 627 F. Supp. 2d 1216, 1223 (D.
Kan. 2008), and Hollins v. Apfel, 160 F. Supp. 2d 834, 840 (S.D. Ohio 2001), but, in both these
cases, the courts merely expressed a preference for the doctrine of issue preclusion over the law
of the case.  Id.  These courts did not refuse to allow preclusive effect to a decision in a prior
social security appeal; instead, they chose one preclusion doctrine over another.  This is a
distinction without a practical difference in the instant case.

Finally, Plaintiff points to the language in the Order issued by the Third Circuit when it
dismissed the appeal of Judge Cavanaugh's decision: "In the event that, subsequent to the new
administrative decision ordered by the Appeals Council, further appellate proceedings become
necessary, any issue we do not now decide may, if appropriate, then be re-raised."  Chaluisan v.
Commissioner, No. 09-1599 (3d Cir. filed Jan. 12, 2010).  Plaintiff contends that, essentially,
with these words, the Third Circuit divested Judge Cavanaugh's decision of any power to

9

influence subsequent proceedings, which is a meritless argument.  It is apparent that the intent of the Third Circuit in using this language was to preserve existing appellate issues for consideration in a subsequent appeal – not to divest the District Court's decision of any possibility of preclusive effect.

Rather, the wording of the Third Circuit's Order works against Plaintiff's position, not for it.  Implicit in the Third Circuit's wording is a recognition that the case before it had a possible future, which might include a new administrative decision and new appellate proceedings – and thus district court proceedings in between.  The Third Circuit appeared to envision a case which continued into the future, with Judge Cavanaugh's decisions having a continuing impact and continuing legal relevance.  Had the Third Circuit agreed with Plaintiff that the subsequent appeal would be a new and separate case, the Court would not have provided that decisions in the prior case could be reviewed on appeal in the subsequent one.

Lastly, in arguing that the law of the case has no application here, Plaintiff does not appear to consider the potential for this Court to disagree with Judge Cavanaugh's determinations and arrive at decisions which conflict with his – not that this Court has any reason to believe that this is likely to occur.  Yet it is unseemly to place one District Court in the position of overruling the decisions of a sister court, wasteful of judicial resources, and not conducive to the administration of justice.  It benefits no one to allow this.

Plaintiff has shown no basis for this Court to conclude that Judge Cavanaugh's decision should not have preclusive effect in this appeal.  Whether the doctrine is called "the law of the case" or "issue preclusion," this Court recognizes that the parties before this Court fairly litigated certain issues in the prior appeal, some of which Judge Cavanaugh decided.  Having examined the 2008 Opinion, this Court finds the following determinations:

1.  The ALJ properly and adequately explained his reasoning for accepting or rejecting the opinions of treating physicians Valentine, Hoppenfeld, and Johnson, but not Sabato.  (2008 Opinion at 14.)

2.  The ALJ applied the correct legal standard in making the determination that, under <u>Zebley</u>, the correct question is "whether it is reasonable to presume that [Plaintiff's] past condition and impairments were as severe as they are currently."  (2008 Opinion at 17-18.)

3.  Plaintiff was not denied a fair hearing because the ALJ did not consider recordings of her testimony at past hearings.  (2008 Opinion at 19.)

These determinations will be accorded preclusive effect, and this Court will not relitigate them. This Court now turns to Plaintiff's arguments on appeal.

Plaintiff first argues that, under the <u>Zebley</u> settlement, Plaintiff is entitled a presumption of disability during the interim period.  Judge Cavanaugh considered this exact argument from Plaintiff in the prior appeal and expressly rejected it.  (2008 Opinion at 17.)  This Court will not allow Judge Cavanaugh's decision to be reviewed or relitigated in this forum.  Plaintiff has pointed to the fact that the Third Circuit has expressly preserved the previous issues for appeal, and, should Plaintiff wish to have Judge Cavanaugh's decisions reviewed by the Third Circuit, she may do so by filing a Notice of Appeal from this decision.

As to the <u>Zebley</u> issues, Plaintiff's appeal brief is limited to arguing for the presumption of disability, and makes no alternative arguments.  When reviewing ALJ O'Leary's <u>Zebley</u> analysis, Judge Cavanaugh found that the ALJ had applied the correct legal standard, but had failed to sufficiently explain the basis for his conclusions.[3]  Because Plaintiff has failed to make any other argument regarding the <u>Zebley</u> analysis, this Court has no other <u>Zebley</u> issues before it.

---

[3] In particular, Judge Cavanaugh questioned the ALJ's reliance on the Commissioner's medical expert, Dr. Fechner.  (2008 Opinion at 18.)  Plaintiff has not raised any issue regarding the Fechner evidence in this appeal.

Plaintiff next argues that the ALJ erroneously rejected the opinions of her treating physicians with regard to the Interim Period.  At the outset, this Court notes that it considers this issue in the context of the distinctive facts of this case.  Plaintiff made this same argument to the District Court in the prior appeal.  Judge Cavanaugh reviewed the decision of ALJ O'Leary and, in the 2008 Opinion, rejected Plaintiff's argument as to treating physicians Valentine, Hoppenfeld, and Johnson, but not Sabato.  (2008 Opinion at 14.)  Judge Cavanaugh found that ALJ O'Leary had failed to explain his reasons for rejecting Dr. Sabato's opinion, and gave the instruction that, on remand, the Commissioner fully consider Dr. Sabato's opinion and explain the basis for his or her assessment of the opinion in the context of the case.  (2008 Opinion at 16.)

On remand, as to the question of whether Plaintiff had been disabled from December 10, 1988 through June 18, 1998, ALJ West incorporated by reference ALJ O'Leary's decision, "the only change being the insertion of the following comments concerning opinions from Dr. Sabato and Dr. Fechner . . ."  (Tr. 871.)  The ALJ observed that Dr. Sabato had opined that Plaintiff had been disabled for as long as she had been his patient – and his treatment of her began in 2000. (Id.)  Dr. Sabato also opined that he found Plaintiff's claim of disability since 1983 to be "plausible."  (Id.)

At the outset, it must be noted that Dr. Sabato did not treat Plaintiff during the Interim Period, and so his opinion as to her medical condition during the Interim Period should not receive the same weight as that of a physician who had actually treated Plaintiff during that time. In addition, his statement that he found her claim of past disability to be "plausible" does seem to say so little that it is of little probative value – and ALJ West's decision to give it little weight appears reasonable.   Plaintiff has presented no authority for the proposition that a physician's

12

beliefs about historical plausibility should have legal relevance.

Plaintiff argues that the record contains no credible evidence that contradicts the opinions of her treating physicians about the Interim Period. That is incorrect. The big problem for Plaintiff in this case is that it is undisputed that she worked as a supermarket cashier for substantial periods of time during the period from 1985 through 1990. (Tr. 31.) Thus, Plaintiff is quite wrong in asserting that the record contains no credible evidence contradicting the opinions of her treating physicians. Plaintiff has not, in this appeal, raised any challenge, as to credibility or otherwise, to the evidence of her substantial employment during the Interim Period. Nor has Plaintiff even attempted to reconcile her period of employment with her claim of disability during the Interim Period. It is the failure to even acknowledge this significant contradictory evidence that is the greatest weakness of Plaintiff's case on appeal.

ALJ O'Leary opined that Plaintiff's documented earnings in 1988 and 1989 preclude finding an onset of disability in those years. (Tr. 32.) Plaintiff has not disputed this determination. Nor does Plaintiff point to evidence that something happened such that she became disabled again in 1990. This Court does not even have from Plaintiff a theory to reconcile her claims of disability with her earnings record.

Plaintiff attempts to persuade that the ALJ may not reject a treating physician's opinion in the absence of contradictory medical evidence. This is simply not the law. The relevant regulation states:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(d)(2).

13

In assessing the record, ALJ West stated that he found that Dr. Sabato's medical opinion was inconsistent with the evidence about Plaintiff's actual activities during the Interim Period. (Tr. 872.) This is both entirely reasonable and in accord with the requirements of 20 C.F.R. § 404.1527(d)(2). Furthermore, ALJ West found that Dr. Sabato's opinion was contradicted by Dr. Fechner's testimony that viewing the medical record for the Interim Period retrospectively – as Drs. Fechner and Sabato had both done – only enabled him to state the severity of Plaintiff's impairments for "some months" before August of 1998. This provides additional substantial evidence which supports giving Dr. Sabato's opinion little weight. ALJ West's decision to accord Dr. Sabato's opinion little weight was proper under 20 C.F.R. § 404.1527(d)(2).

Lastly, Plaintiff argues that the ALJ failed to conduct a fair hearing because he did not locate the tapes of her testimony in prior hearings. Judge Cavanaugh considered this exact argument from Plaintiff in the prior appeal and expressly rejected it. (2008 Opinion at 19.) This Court will not allow Judge Cavanaugh's decision to be reviewed or relitigated in this forum.

The undisputed evidence that Plaintiff worked from 1985 through 1990 constitutes substantial evidence that she was not disabled during the Interim Period. This Court finds that ALJ West's determination is supported by substantial evidence. The decision of the Commissioner that Plaintiff was not disabled within the meaning of the Act during the Interim Period will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence, and the Commissioner's decision is affirmed.

  s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: August 22, 2011